## William A. Twitchell v. Charles Drury.

*Covenant against incumbrances: Subsequent vendee: Money had and received.*
Where an original vendor covenanted against incumbrances, and paid to his vendee the money, expressly to take up an outstanding mortgage, such vendee became bound to apply it in favor of his own subsequent vendees who took with similar covenants, and is liable to refund the money paid by one of them to redeem it. His receipt of the money, under those conditions, made him a trustee for their benefit, and an action for money had and received, lies against him in favor of his vendee who advanced the money to protect the title.

*Heard and decided July 13.*

Error to Van Buren Circuit.

*G. W. Lawton* and *Arthur Brown,* for plaintiff in error, were stopped by the court.

*L. A. Tabor* and *M. J. Smiley,* for defendant in error.

CAMPBELL, J.

The declaration in this case was in assumpsit, containing the common counts and some special counts. The cause of action relied on, arose out of the following state of facts:

Andrew F. Alexander sold Drury, by deed with covenants of warranty, and against incumbrance, a parcel of land in Saginaw county, upon which there was a mortgage not then due, of about one hundred and twenty-seven dollars.

Drury sold the land to Gustave Jackson, and Jackson to plaintiff Twitchell, by deeds with similar covenants.

Plaintiff offered to prove that, after a foreclosure of the mortgage, he paid the money to redeem it. He also offered to prove that Alexander paid Drury the amount necessary to take up the mortgage, for that express purpose, and that Drury promised him, and also promised plaintiff, to pay it. The court refused to admit this proof.

We do not think this case, as laid before us, depends in any way upon any supposed right of plaintiff to rest upon the covenants of any of his antecedent grantors, and we make no rulings upon that subject.

When Alexander paid the money to Drury, it was in trust to pay the mortgage, and any one interested in the payment would therefore have a right as *cestui que trust* to enforce it. The money was devoted to a specific object, and Drury became a trustee.

When the mortgage matured, any one then interested in its payment could properly require Drury to advance this money. The plaintiff being thus interested, in order to save his own estate, had a legal right, therefore, to call upon Drury to pay the mortgage; and having for his own protection redeemed it, he can hold Drury as for money received to his use. The action for money had and

received is peculiarly an equitable action, as frequently decided by this court, and lies whenever one person holds money for which he is bound to respond to another.

We therefore think it can make no difference whether plaintiff could sue upon covenants or not, inasmuch as the liability to apply this money, did not originate with any of the deeds, but arose out of an independent and express contract with Alexander, whereby a trust was created to satisfy the incumbrance out of moneys advanced for that purpose.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.